# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
      Plaintiff, )
)
)
v. ) Cr. ID. No. 1611005481
)
)
MALCOLM LUM, )
)
      Defendant. )

Submitted: October 29, 2018
Decided: December 3, 2018

## COMMISSIONER'S REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF SHOULD BE SUMMARILY DISMISSED

Allison J. Abessino, Esquire, Deputy Attorney General, Department of Justice, Wilmington, Delaware, Attorney for the State of Delaware.

Malcolm Lum, *pro se*

**MAYER,** Commissioner

1

This 3rd day of December, 2018, upon consideration of Defendant's Motion for Postconviction Relief and the record in this matter, the following is my Report and Recommendation.

## BACKGROUND AND PROCEDURAL HISTORY

Defendant, Malcolm E. Lum, was arrested after officers stopped him and conducted a pat-down search that lead to the discovery of a loaded 10-millimeter handgun in his waistband. Defendant was indicted and charged with two counts of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), one count of Carrying a Concealed Deadly Weapon ("CCDW") and Resisting Arrest. Defendant's trial counsel filed a Motion to Suppress and argued that the officers lacked reasonable articulable suspicion to stop Defendant.[1] After a hearing, the Motion to Suppress was denied.[2] Prior to trial, the parties stipulated that Defendant was a person prohibited by Delaware law from possessing or controlling a firearm or ammunition for a firearm.[3] A jury trial was held in September of 2017 and Defendant was found guilty of PFBPP, PABPP and CCDW but not guilty of the remaining charge. On September

---

[1]  D.I. # 10.

[2]  D.I. # 19.

[3]  D.I. # 29.

20, 2017, Defendant was sentenced. Defendant promptly filed an appeal and the Delaware Supreme Court affirmed the judgment of conviction.[4]

On appeal, Defendant presented three arguments.[5] First, Defendant argued the officers lacked reasonable articulable suspicion to justify the stop and subsequent search. The Supreme Court reviewed the evidence in the record and found that Defendant was acting suspiciously in a high crime area and appeared to be armed, which supported the stop and search. Second, although not raised during the trial proceedings, Defendant essentially argued the police would have searched him regardless of the evidence in the record (*i.e.* bias). The Supreme Court found no error by the Superior Court and that there was a rational basis to support the events in question. Third, Defendant presented another new argument challenging the authority of a probation officer to conduct the seizure. After examining the legal arguments presented, the Supreme Court once again found no plain error occurred.

---

[4] *Lum v. State*, 2018 WL 4039898 (Del. Aug. 22, 2018).

[5] *See* D.I. # 44.

On October 29, 2018, Defendant filed a *pro se* Motion for Postconviction Relief (the "Motion").[6] Defendant presents the following arguments:

> **Ground One:** INEFFECTIVE ASSISTANCE OF COUNSEL
> Supporting facts: The counsel's representation fell below an objective standard of reasonableness.
>
> **Ground Two:** PLAIN ERROR
> Supporting facts: (Please see attached Memorandum of Law)
>
> **Ground Three:** RACIAL PROFILE
> Supporting facts: (Please see attached Memorandum of Law)
>
> **Ground Four:** ILLEGAL SEARCH AND SEIZURE
> Supporting facts: (Please see attached Memorandum of Law)
>
> **Ground Four** (sic): SUPPRESSION HEARING
> Supporting fact: The defendant filed for a suppression hearing but was later denied by the sentencing judge (Please see attached Memorandum of Law).

In summary, the Motion, coupled with the Memorandum of Law, (i) attacks the legality of the stop, search and seizure; (ii) accuses the police officers of racial profiling; and (iii) challenges the probation officer's authorization to participate in

---

[6] Defendant's Motion incorrectly states he plead guilty when in fact, he was convicted after a jury trial.

the search and seizure of Defendant.[7] Although Defendant cites a claim of ineffective assistance of counsel in his initial summary, it is difficult to discern from the papers what, if anything, he believes counsel failed to do.[8]

## LEGAL ANALYSIS

Before considering the merits of the claims, the Court must first determine whether there are any procedural bars to the Motion.[9] This is Defendant's first motion for post-conviction relief and it was timely filed.[10] However, pursuant to Super. Ct. Crim. R. 61(i)(3) and (4), any ground for relief that was not previously raised is deemed waived, and any claims that were formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, are thereafter barred.

---

[7] This last argument appears to have been copied directly from the Supreme Court papers.

[8] For example, Defendant argues at page 7 that the grounds for the ineffective assistance of counsel claim "resulted in an Involuntary Guilty Plea, which lead to trial." However, Defendant did not plead guilty.

[9] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[10] *See* Super. Ct. Crim. R. 61(i)(1) (motion must be filed within one year of when conviction becomes final); Super. Ct. Crim. R. 61(m)(2) (If the defendant files a direct appeal, the judgment of conviction becomes final when the mandate is issued).

All of Defendant's claims, premised on the search and seizure (Ground Two and both of the Ground Four claims), were previously addressed either by way of the trial court proceedings or on appeal. To the extent Defendant is attempting to re-argue these issues, any such claims are barred by Super. Ct. Crim. R. 61(i)(4).

Defendant's Ground Three, a claim of racial profiling, does not appear to have been directly raised at the time of the trial proceedings. As such, that claim is deemed waived pursuant to Super. Ct. Crim. R. 61(i)(3). However, a variation of that argument was addressed by the Supreme Court and it found that the testimony in the record supported a finding that Defendant engaged in canting indicative of firearms possession. Despite Defendant's general categorization of racial profiling, there is nothing in the record to demonstrate the stop was anything but lawful. Therefore, Defendant has neither established cause for relief from the procedural bar, nor prejudice and violation of his rights.[11]

With respect to Ground One, Even if the Court were to consider a claim of ineffective assistance of counsel, Defendant has not shown that his counsel's representation fell below an objective standard of reasonableness and the deficiencies in counsel's representation caused him actual prejudice.[12] Defendant

---

[11] *See* Super. Ct. Crim. R. 61(i)(3)(A) & (B).

[12] *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984); *Hitchens v. State*, 757 A.2d 1278 (Del. 2000).

6

must overcome a strong presumption that counsel's conduct was reasonably professional under the circumstances.[13] Great weight and deference are given to tactical decisions by the trial attorney and counsel cannot be deemed ineffective for failing to pursue motions that lack merit.[14] Although Defendant mentions the concept of ineffective assistance of counsel, in passing, he does nothing more to substantiate the claim or to identify any actions or failure to act of counsel that merit relief. Mere allegations of ineffectiveness will not suffice, rather, a defendant must make and substantiate concrete allegations of actual prejudice.[15] Defendant's ineffective assistance of counsel claim fails to overcome the presumption to warrant relief.

Finally, the procedural bars to relief set forth above will not apply to a claim that (i) the court lacked jurisdiction, (ii) pleads with particularity that new evidence exists creating a strong inference that the movant is actually innocent in fact of the acts underlying the conviction, or (iii) a new rule of constitutional law, made retroactive to cases on collateral review, applies to render the conviction invalid.[16]

---

[13] *State v. Wright*, 653 A.2d 288, 293-94 (citations omitted).

[14] *State v. Miller*, 2013 WL 871320, at *4 (Del. Super., Feb. 26, 2013).

[15] *Younger v. State*, 580 A.2d 552, 556 (Del. 1990).

[16] *See* Super. Ct. Crim. R. 61(i)(5) and (d)(2)(i)-(ii).

7

Defendant does not argue the Court lacked jurisdiction, has not plead any new evidence or facts demonstrating that he is innocent of the acts giving rise to the conviction, nor has he asserted that a new rule of constitutional law affects his conviction. As such, Defendant has failed to establish an exception to the procedural bars.

For all of the foregoing reasons, Defendant's Motion for Postconviction Relief should be SUMMARILY DISMISSED.

**IT IS SO RECOMMENDED.**

Commissioner Katharine L. Mayer

oc: Prothonotary
Allison J. Abessino, Esquire
Matthew C. Buckworth, Esquire
Malcolm Lum